Date signed October 15, 2014



_____
DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| **In re:** | : | |
| **Kathy J. Gordon,** | : | Case No. 10-30522-DK |
| | | Chapter 7 |
| **Debtor.** | : | |
| ------------------------------------------------ | | |
| **Tammie L. Lewis, Individually and as Trustee of the Tammie L. Lewis Revocable Trust** | : | |
| | : | |
| **Plaintiff,** | : | Adversary No. 10-910 |
| v. | : | |
| **Kathy J. Gordon,** | : | |
| **Defendant** | : | |

_____

### MEMORANDUM OF DECISION

In this Adversary proceeding, Plaintiff seeks a determination that a debt embodied in an arbitration award in favor of Plaintiff and against, inter alia, the Debtor/Defendant[1] is

---

[1] The award was subsequently reduced to a judgment by the Circuit Court for Worcester County, Maryland and affirmed by the Court of Special Appeals of Maryland.

non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), (6), and (19).[2] Plaintiff has filed a Motion for Summary Judgment to which Defendant has responded in opposition. The court finds that a hearing is not required to determine the Motion for Summary Judgment and would not aid in the decision of the matter.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-84, 110 S.Ct. 3177, 3186 (1990); *Sylvia Dev. Corp. v. Calvert County, Maryland*, 48 F.3d 810, 817 (4th Cir. 1995). In considering a motion for summary judgment the court must view all permissible inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356 (1986). "In order to prevail on a motion for summary judgment, the moving party must establish the absence of genuine issues of material fact and that he or she is entitled to judgment as a matter of law. If the moving party carries its burden, the nonmoving party may not rest on the allegations in his or her pleading, but must produce sufficient evidence that demonstrates that a genuine issue exists for trial." *Young v. Federal Deposit Ins. Corp.*, 103 F.3d 1180, 1186 (4th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)).

Section 523(a)(19) provides:

---

[2]All future statutory references will be to the United States Bankruptcy Code at title 11 of the United States Code, unless described otherwise.

> A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
> (19) that-
> (A) is for-
>     (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>     (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
> (B) results, before, on, or after the date on which the petition was filed, from-
>     (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
> (ii) any settlement agreement entered into by the debtor; or
> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19) (in part).

In this adversary proceeding, the debt arises from a finding by the arbitration panel of the Financial Industry Regulatory Authority that the Defendant's actions in causing the Plaintiff's investment in the securities known as Bills Obligatory for Pomfret Plantation were "willful and wanton as she withheld information she knew about the investment." Although the arbitration award does not specify that the debt arises as a result of a violation of Federal securities laws, the findings do constitute a finding that the actions of the Defendant created the debt by deceit or manipulation in connection with the purchase of a security. Section 523(a)(19)(A) causes a debt arising from such acts to be non-dischargeable. The record also demonstrates incontrovertibly that the second required prong of Section 523(a)(19)(B) is satisfied as a final judgment was entered affirming the arbitration award. Accordingly this court determines that the debt is non-dischargeable under Section 523(a)(19). Therefore the court need not, and does not reach the alternative

arguments as to non-dischargeability under Sections 523(a)(2), (4), or (6).

An order consistent with this memorandum shall be entered.


cc:     all parties
        all counsel

**End of Memorandum**